**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>JOSE EDUARDO RAMIREZ-NAVA,<br><br>　　　　Appellee. | No. 25-628<br><br>D.C. No.<br>4:24-cr-02938-RM-BGM-1<br>District of Arizona, Tucson<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted February 3, 2026[**]
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.

A grand jury indicted Jose Eduardo Ramirez-Nava ("Ramirez-Nava") on one

count of conspiracy to transport illegal aliens for profit, in violation of 8 U.S.C.

§ 1324(a)(1)(A)(v)(I) and (B)(i), and two counts of transportation of illegal aliens

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for profit in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i).  Ramirez-Nava moved to suppress all evidence and statements acquired from an allegedly unlawful traffic stop that preceded his arrest and subsequent indictment.  Following an evidentiary hearing, the district court granted the motion.  The government appealed.  We reverse and remand.

We review the district court's ruling on a motion to suppress, including determinations of reasonable suspicion, de novo and any underlying factual findings for clear error.  *United States v. Willy*, 40 F.4th 1074, 1079 (9th Cir. 2022) (noting that we review a ruling on a motion to suppress de novo and factual findings for clear error); *United States v. Bontemps*, 977 F.3d 909, 913 (9th Cir. 2020) (noting that we review "determinations of reasonable suspicion de novo, but factual findings underlying those determinations are reviewed for clear error" (quotation marks omitted)).  The court must "give due weight to inferences drawn from th[e] facts by resident judges and local law enforcement officers."  *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

When examining whether an agent has reasonable suspicion, we "must look at the 'totality of the circumstances.'"  *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).  Totality of the circumstances review "precludes a 'divide-and-conquer analysis' because even though" a person's acts are perhaps innocent

individually, collectively "they [may] warrant[] further investigation." *Id.* (citation modified). "A determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." *Arvizu*, 534 U.S. at 277. "In the context of border patrol stops," we have held that the "totality of the circumstances may include characteristics of the area, proximity to the border, usual patterns of traffic and time of day, previous alien or drug smuggling in the area, behavior of the driver, appearance or behavior of passengers, and the model and appearance of the vehicle." *Valdes-Vega*, 738 F.3d at 1079.

The government argues that the district court impermissibly employed a divide-and-conquer analysis and gave too much weight to potential innocent explanations for particular circumstances. We agree. A review of the district court's order shows an individualized analysis, demonstrating an isolated review of the factors supporting reasonable suspicion. The Supreme Court has recognized that "the whole is often greater than the sum of its parts—especially when the parts are viewed in isolation." *District of Columbia v. Wesby*, 583 U.S. 48, 60-61 (2018) (citing *Arvizu*, 534 U.S. at 277-78). By failing to fully review all the factors together, the district court failed to consider "the whole," focusing instead on only the "sum of its parts." *Id.*

We also conclude that the twelve factors identified by the agent in this case as supporting his reasonable suspicion determination are sufficient to constitute

reasonable suspicion.  Those factors include, *inter alia*, the vehicle type and that it was a rental vehicle, the Lyft marking on the vehicle in an area where the agent had never seen a Lyft, the conduct of the driver and the passengers, the time of day (night, during shift change, when the checkpoint was closed), the location by the border and its proximity to a recent illegal border crossing event, as well as the driver's directional change and general driving behavior.

When evaluating reasonable suspicion, an agent is allowed to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Arvizu*, 534 U.S. at 273 (citations and internal quotation marks omitted).  These specific factors considered in isolation may appear innocuous or innocent.  But when considered together and in conjunction with an officer's specialized training, they are enough to constitute reasonable suspicion.  *Id.* at 277-78.

**REVERSED AND REMANDED.**